SCHOTT, Chief Judge.
This is an appeal by a mother from a judgment awarding custody of her five-year old daughter, Amber, to the father. The issues on appeal are whether the trial judge abused his discretion in making the award and whether the best interests of the child were served by the judgment.
The parties were divorced in Alabama in November, 1985, and were granted joint custody of the child born April 26, 1983. In October, 1988, the father filed a rule to be awarded sole custody of the child with reasonable and liberal visitation rights in favor of the mother. This rule was tried in January, 1989, and resulted in the judgment, now on appeal, in favor of the husband.
Three days before the trial of the rule and three days after her divorce from her third husband, the mother married Wayne Fendt. She met Fendt seven months previously in Alabama. Three weeks after meeting him, she began living with him in Michigan. Throughout this period, Amber had been with her father.
The father married his present wife (his fourth) in May, 1986. He has been employed by the same company for two and one-half years, and he and his wife have lived in the same house in Belle Chasse, Louisiana for two years. His present wife has been employed by the Plaquemines Parish School Board for eight years.
The trial judge did not assign reasons for judgment. However, he was obliged to consider the twelve factors listed in C.C. art. 146(C)(2) in determining whether it was in the best interests of the child to continue joint custody or to award sole custody to one party. Joint custody was not a reasonable alternative if for no other reason than the distance between the residences (Art. 146(C)(2)(k)). The real question is whether the trial court’s award to the father was in the child’s best interests considering all of the factors listed in the article.
The parties do not assail each other as to most of the listed factors. Both *712 parties seem to have a loving relationship with the child. They both have the capacity to give love and provide material needs to the child. However, the factors include the length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity (d); the permanence, as a family unit, of the existing or proposed custodial home or homes (e); and the moral fitness of the parties involved (f). Assuming all other factors weigh equally between the parties, these three tilt the balance in favor of the father and support the decision of the trial court.
Amber has been with her father since before June, 1988, in a stable home. She is enrolled in school. It would be in the child’s best interests to continue this situation. The permanence as a family unit of the mother’s home was untested and speculative at the time of the trial. Three days before trial, at the age of twenty-eight, she married her fourth husband. Her moral fitness must be assessed in the light of the facts that just three weeks after she met Fendt she went to Michigan (where she had never been before) to live with him for six months before marrying him.
The mother contends that her late marriage constituted a “reformation” such that the trial court could not consider her prior questionable behavior. In support of this argument, she relies on Shackleford v. Shackleford, 389 So.2d 825 (La.App. 3rd Cir.1980). As we read this case, it stands for the proposition that the mother’s open indiscretion would not necessarily constitute a bar to her custody. However, her conduct is a factor to be considered by the court. Furthermore, Shackleford predated the enactment of Act 695 of 1983 which wrote the present version of art. 146(C)(2). Irrespective of her late marriage, the previous conduct of the mother in this case was properly considered in determining her moral fitness to have custody.
Finally, the mother contends that the judgment of the trial court is contrary to the principle that siblings should not be separated. The sibling at issue is Amber’s eight-year old half-brother, a child of her mother’s previous marriage. In the first place, it does not appear that Amber was with the other child long enough to establish a bond. The 1985 custody decree provided for alternating custody over Amber every three months, and, since at least before June 1988, the mother and her son have been in Michigan without Amber. Furthermore, this is not a deciding factor. When it is considered in the light of all the other factors, it does not tilt the scale in the mother’s favor.
We are not persuaded that the trial court abused it’s discretion in deciding that the best interests of the child would be served by awarding custody to the father. The judgment appealed from is affirmed.
AFFIRMED.